Deaderick, J.,
delivered the opinion of the court.
This is an- action of forcible entry and detainer,, in which a judgment was rendered against the plaintiffs in the Circuit Court of Weakley County, from which they have appealed to this court.
The plaintiffs had leased a tract of land to Stan-field in his lifetime, situated in said county, and Che-lease expiring on the 1st of January, 1864, they demanded possession, which was refused. On the 18th of November, 1865, they brought this action to recover the premises, and while it was pending in the-circuit court Stanfield died, and it was revived against his heirs.
On the 16th of November, 1865, the plaintiffs sued Stanfield, and, on the 25th of the same month, obtained a judgment, upon an account for the rent of *151 the premises accrued after the expiration of the lease, which has been paid.
The account sued on charges “rent for the year 1864,” $75; “do., for rent the year 1865, $75, up to this date; this the 1st day of November, 1865.”
This account was exhibited by the justice of the peace, in his examination on the trial in the circuit court, as being the one upon which the judgment for rent was rendered.
Then follows the recital, “and it is agreed that the witnesses proved the facts above stated from the docket, that one Samuel was a justice, and that witness presided with him by consent of parties, and that judgment was rendered for the rent of 1864 and 1865; that is, for .two years.
The court instructed the jury to return a verdict for the defendants, upon the admission of the plaintiffs that they had sued for, and recovered, the rents for the years 1864 and 1865.
We are of opinion that this was error. It should have been left for the jury to determine, from the evidence as well as from the admission, whether the rent was recovered for the whole of the year 1865, or only up to the 1st of November, or other time anterior to the commencement of this suit.
If the defendants, or their ancestors, have paid the rents for the whole of 1865, the plaintiffs had no right to the possession of the premises until the end of the term for which they' had recovered rents, and the action for possession of the premises was premature. But if their recovery was in fact only for *152 rents up to the 1st of November, then they might lawfully sue for possession at any time thereafter.
How these facts were, ought to have been left to the jury.
Reverse the judgment and remand the cause.